## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISTORY ASSOCIATES INCORPORATED<br>7361 Calhoun Place, Suite 310<br>Rockville, MD 20855<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>550 17th Street, NW<br>Washington, D.C. 20429<br><br>        Defendant. | Case No. 1:24-cv-1857-ACR |

## ANSWER

Defendant Federal Deposit Insurance Corporation ("FDIC") respectfully submits the following Answer to the Complaint of plaintiff History Associates Incorporated ("History Associates"). The numbered paragraphs of the Answer correspond to the numbered paragraphs of the Complaint. Responses to un-numbered paragraphs identify the un-numbered paragraphs of the Complaint to which they correspond. For ease of reference, FDIC's Answer uses all or portions of the headings contained in the Complaint, but to the extent those headings could be construed as allegations, those allegations are denied.

Page 1, first un-numbered paragraph. The FDIC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's description of non-party Coinbase, Inc. ("Coinbase"), plaintiff's relationship to non-party Coinbase, and non-party Coinbase's intent. The FDIC admits that plaintiff History Associates submitted a Freedom of Information Act request seeking records from the FDIC, the FDIC denied that request, and plaintiff brings this action against the FDIC to compel disclosure of the requested records. The FDIC denies that it

has failed to comply with FOIA in its treatment of plaintiff's FOIA request.

1. The FDIC denies the allegations in paragraph 1.

2. The FDIC admits that in October 2023 the FDIC Office of Inspector General issued a report titled "FDIC Strategies Related to Crypto-Asset Risks" ("OIG Report").  The FDIC admits that the OIG Report discusses what the OIG Report refers to as "pause letters" sent by the FDIC to certain supervised financial institutions.  The FDIC denies the remaining allegations in paragraph 2.

3. The FDIC denies the allegations in paragraph 3.

4. The FDIC denies the allegations in paragraph 4.

5. The FDIC denies the allegations in paragraph 5.

6. The FDIC denies the allegations in paragraph 6.

7. The FDIC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's description of non-party Coinbase and non-party Coinbase's intent.

8. The FDIC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's relationship to non-party Coinbase and non-party Coinbase's intent.  The FDIC admits that plaintiff submitted a FOIA request to the FDIC seeking copies of the "pause letters," that the OIG Report discusses the "pause letters," including quoting from them, and that the FDIC denied plaintiff's FOIA request for the "pause letters."  The FDIC denies the remaining allegations in paragraph 8.

9. The FDIC admits that plaintiff brings this action to compel the FDIC to disclose the "pause letters."  The FDIC denies that it has failed to comply with FOIA in its treatment of plaintiff's FOIA request.

## PARTIES

10.  The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.  The FDIC admits the allegations in paragraph 11.

## RELATED PARTIES

12.  The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 concerning non-party Coinbase.

## JURISDICTION AND VENUE

13.  The FDIC admits that 5 U.S.C. § 552(a)(4)(B) provides this Court with jurisdiction over FOIA actions, as limited by the relief available under FOIA and applicable law.  The FDIC admits that 28 U.S.C. § 1331 gives district courts jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

14.  The FDIC admits that venue for a FOIA action is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## BACKGROUND

15-24.  The FDIC denies the allegations in paragraphs 15 through 24 and the associated headings.

25-29.  The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 25 through 29 and the associated headings.

30-36.  The FDIC denies the allegations in paragraphs 30 through 36 and the associated headings.

37-43.  The FDIC admits that the OIG Report discusses what the OIG Report refers to as "pause letters" sent by the FDIC to certain supervised financial institutions.  The FDIC denies

the remaining allegations in paragraphs 37 through 43 and the associated headings.

Heading D.  The FDIC denies that FOIA always requires disclosure of government records and denies that FOIA requires disclosure of the "pause letters" requested by plaintiff.

44.  The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, except that the FDIC denies that it has engaged in unlawful conduct and denies that it failed to comply with FOIA in its treatment of plaintiff's FOIA request.

45-49.  The FDIC admits the allegations in paragraphs 45 through 49, except that the FDIC denies that it has engaged in unlawful conduct and denies that it failed to comply with FOIA in its treatment of plaintiff's FOIA request.

Heading E.  The FDIC admits that History Associates requested copies of the "pause letters," and that the FDIC denied the request, but denies that the FDIC acted unlawfully in doing so.

50.  The FDIC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's description of itself and plaintiff's relationship to non-party Coinbase.

51.  The FDIC admits the allegations in paragraph 51.

52.  The FDIC admits the allegations in paragraph 52, except the FDIC denies that it provided only a conclusory explanation of its decision.

53.  The FDIC admits the allegations in paragraph 53, except the FDIC denies that its assertion of reasonably foreseeable harm was "without any explanation."

54.  The FDIC admits the allegations in paragraph 54.

55.  The FDIC admits that plaintiff's administrative appeal raised the arguments alleged in paragraph 55, but FDIC denies the validity of those arguments and legal conclusions in this

case.

56. The FDIC admits that plaintiff's administrative appeal raised the arguments alleged in paragraph 56, but FDIC denies the validity of those arguments and legal conclusions in this case.

57. The FDIC admits that the FDIC denied plaintiff's FOIA appeal on May 8, 2024 for the reasons stated in the FDIC's letter denying the administrative appeal. The FDIC denies the remaining allegations in paragraph 57.

58. The FDIC admits that the letter denying plaintiff's FOIA appeal included the statement: "Disclosure of those 'pause letters' would, necessarily, reveal information about the particular banks that the letters were sent to and would intrude into the heart of the communications between financial institutions and their regulator." The FDIC denies the remaining allegations in paragraph 58.

59. The FDIC denies the allegations in paragraph 59.

60. The FDIC admits that plaintiff exhausted its administrative remedies with respect to its FOIA request and filed a timely FOIA lawsuit. The FDIC denies that it failed to comply with its FOIA obligations.

Heading Count 1. The FDIC denies that it violated FOIA.

61. The FDIC repeats and incorporates its responses to the foregoing paragraphs.

62. The FDIC admits that it is a U.S. government agency for purposes of FOIA.

63. The FDIC admits that the "pause letters" are records within the meaning of 5 U.S.C. § 552(f)(2).

64. Paragraph 64 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC denies the allegations of paragraph 64.

65.  Paragraph 65 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC denies the allegations of paragraph 65.

66.  Paragraph 66 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC admits that disclosure obligations under FOIA are subject to certain exemptions, and denies the remaining allegations of paragraph 66.

67.  The FDIC admits that on administrative appeal it withheld the "pause letters" for the reasons stated in the FDIC's letter denying the administrative appeal.  The remainder of paragraph 67 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC denies the remaining allegations in paragraph 67.

68.  The FDIC denies the allegations in paragraph 68.

69.  Paragraph 69 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC admits that the "pause letters" fall within FOIA Exemption 8, and denies the remaining allegations of paragraph 69.

70.  Paragraph 70 contains legal conclusions for which no response is required; to the extent a response is required, the FDIC admits that the "pause letters" fall within FOIA Exemption 8, and denies the remaining allegations of paragraph 70.

71.  The FDIC denies the allegations in paragraph 71.

72.  The FDIC admits the allegations in paragraph 72.

73.  The FDIC denies the allegations in paragraph 73.

**PRAYER FOR RELIEF**

The FDIC denies all allegations in the Complaint not expressly admitted or denied. The FDIC denies the allegations contained in the prayer for relief, denies that plaintiff is entitled to the relief requested, and denies that plaintiff is entitled to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, the FDIC raises the following defenses. The FDIC respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the FDIC throughout the course of this litigation.  In asserting these defenses, the FDIC does not assume the burden to establish any fact or proposition where that burden is properly imposed on the plaintiff.

1.     The Court lacks subject matter jurisdiction over plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

2.     The FDIC is an agency responsible for the regulation or supervision of financial institutions.  5 U.S.C. § 552(b)(8).

3.     The "pause letters" are, or are related to, examination, operating, or condition reports prepared by and on behalf of the FDIC.  5 U.S.C. § 552(b)(8).

4.     The FDIC reasonably foresees that disclosure of the "pause letters" would harm an interest protected by FOIA Exemption 8.  5 U.S.C. § 552(a)(8)(A)(i)(I), (b)(8).

5.     The FDIC's actions did not violate the FOIA or any other statutory or regulatory provision.

6.     Plaintiff is neither eligible for nor entitled to declaratory relief, injunctive relief, mandamus, attorneys' fees, costs, or to any relief whatsoever.

Dated: August 7, 2024                    Respectfully submitted,


                                         ANDREW J. DOBER, D.C. Bar # 489638
                                         *FDIC Senior Counsel*

                                         DANIEL H. KURTENBACH, D.C. Bar # 426590
                                         *FDIC Counsel*

                                         LINA SONI, D.C. Bar # 503298
                                         *FDIC Counsel*

                                         By:


                                         /s/ *Daniel H. Kurtenbach*
                                         Daniel H. Kurtenbach
                                         Counsel, Federal Deposit Insurance Corporation
                                         3501 N. Fairfax Drive
                                         Arlington, VA 22226
                                         (571) 286-0401
                                         dkurtenbach@fdic.gov

                                         *Attorneys for the Federal Deposit Insurance
                                         Corporation*