IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-1857-ACR |

**DEFENDANT FDIC'S RESPONSE TO PLAINTIFF'S NOTICE OF ANTICIPATED CROSS-MOTION & REQUEST FOR PRE-MOTION CONFERENCE**

Pursuant to section 7(f) of the Court's Standing Order in Civil Cases, the Federal Deposit Insurance Corporation (FDIC) respectfully submits this response to the Notice of Anticipated Cross-Motion & Request for Pre-Motion Conference (Cross-Motion Notice) (Dkt. 17) filed by History Associates Incorporated (History Associates).

In the Cross-Motion Notice in this Freedom of Information Act (FOIA) lawsuit, Dkt. 17 at 3-4, History Associates sets out three anticipated arguments against the FDIC's decision to withhold the requested "pause letters" pursuant to FOIA Exemption 8[1]:

First, History Associates asserts that Exemption 8 does not apply to the "pause letters" because the letters are "largely or entirely form letters sent to execute a top-down, programmatic

---

[1] Exemption 8 concerns matters "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions." 5 U.S.C. § 552(b)(8).

1

directive" rather than discussing the condition, operation, or supervisory concerns of the particular banks that received the letters. *Id.*

Second, History Associates asserts that even if Exemption 8 applies to certain portions of the "pause letters," the letters contain non-exempt information that the FDIC must segregate and release. *Id.* at 4.

Third, History Associates states that even if Exemption 8 applies to certain portions of the "pause letters," the FDIC has failed to articulate any reasonably foreseeable harm from disclosure of the exempt information; and in any event, redacting any bank-specific information from the "pause letters" would prevent any harm to the interests protected by Exemption 8. *Id.*

The FDIC anticipates responding to History Associates' cross-motion for summary judgment as follows:

**Applicability of Exemption 8.**  In fact, the "pause letters" are not at all "form letters", as History Associates asserts.  These supervisory letters are detailed and specific communications about the operations, conditions, and supervisory risks of each particular institution.  The letters vary in content, length, and dates they were sent.  They discuss, among other things, specific meeting dates and conversations with named individual financial institution directors and staff as well as upcoming or ongoing exams, details about the financial institution's responsibilities, product offerings, and institution specific, current and future business plans and marketing strategy.

The content of each letter concerns the individual circumstances of the specific financial institution to which it is addressed, and accordingly is "contained in or related to examination, operating, or condition reports" and is therefore protected by FOIA Exemption 8.  "[T]his [circuit] has explained time and again that Exemption 8's scope is 'particularly broad.'" *Public*

*Investors Arbitration Bar Ass'n v. S.E.C.*, 771 F.3d 1 (D.C. Cir. 2014), quoting *Consumers Union of United States, Inc. v. Heimann*, 589 F.2d 531, 533 (D.C. Cir. 1978).  In *Public Investors*, the court rejected a cramped reading of Exemption 8 and defined an "examination report" as "any report arising out of a 'close inspection' or 'careful inquiry.'" *Id.* at 5 (citing Webster's New Collegiate Dictionary 397 (Henry Bosley Woold, ed., 1977).

**Foreseeable Harm**.  In denying History Associates' administrative appeal in this matter, on May 8, 2024, the FDIC explained that disclosure "would, necessarily, reveal information about the particular banks that the letters were sent to and would intrude into the heart of the communications between financial institutions and their regulator."  The FDIC emphasized that "disclosure to the public of confidential information about the details of any bank's business, its management, staff, and customers, and how well the bank fulfills (or fulfilled) its responsibilities would impair the informal and ongoing supervisory relationship between regulators and bank management and staff."  The candid and confidential exchange of information on which bank supervision depends would be damaged if banks suspect that the FDIC cannot be trusted to protect their confidential information.

**Segregability**.  The individualized and institution-specific content of each of the "pause letters," the "broad, all-inclusive scope" of Exemption 8, and the nature of the "pause letters" as reports to each institution concerning the FDIC's detailed inquiry into that institution's crypto-asset programs govern the extent to which the content of the letters is exempt from disclosure. *Public Investors,* 771 F.3d at 4-5.  To the extent there may be any non-exempt information intertwined with exempt information, it "does not need to be released when doing so would 'produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words.'" *Ctr. for Pub. Integrity v. United States Dep't of Com.,* 401 F. Supp. 3d

108, 119–20 (D.D.C. 2019), quoting *Judicial Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 29 (D.D.C. 2011); *Brown v. U.S. Dep't of Justice*, 734 F. Supp. 2d 99, 111 (D.D.C. 2010). Indeed, this court "may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977). To the extent that History Associates seeks the portions of the letters quoted in the OIG report, the FDIC need not produce what is already available to them.

Dated: September 11, 2024            Respectfully submitted,

ANDREW J. DOBER, D.C. Bar # 489638
Senior Counsel

/s/ *Lina Soni*
LINA SONI
Counsel
DANIEL H. KURTENBACH
Counsel
3501 N. Fairfax Drive
Arlington, VA 22226
Work: (571) 286-0401
Cell: (571) 528-1728
lsoni@fdic.gov

*Attorneys for the Federal Deposit Insurance Corporation*

4