UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HISTORY ASSOCIATES INCORPORATED,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendant.

Case No. 1:24-cv-1857-ACR

## STATUS REPORT

Plaintiff History Associates Incorporated hereby submits the following status report.

1.    On June 27, 2024, History Associates filed this suit against the FDIC under the Freedom of Information Act ("FOIA") seeking "pause letters" that the FDIC sent to certain financial institutions related to their digital-asset activities. Dkt. 1. The FDIC had withheld the pause letters in their entirety under Exemption 8, which applies to matters "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions." 5 U.S.C. § 552(b)(8). The FDIC filed its answer on August 7. Dkt. 13. In its answer, the FDIC continued to assert that the pause letters are protected from disclosure in their entirety under Exemption 8. *Id.* at 7.

2.    In their August 21 joint status report, the parties agreed that History Associates' FOIA request had been fully processed and that the FDIC did not anticipate releasing any documents. Dkt. 14, at 2. Accordingly, the parties jointly proposed proceeding directly to summary judgment, *id.*, and on September 4, both filed notices of anticipated motions for summary judgment and requests for a pre-motion conference, Dkts. 16, 17. The FDIC maintained that the pause letters

1

may properly be withheld in their entirety and that "there is no reasonably segregable information" that must be disclosed. Dkt. 16, at 4; *see* Dkt. 20, at 3-4.

3. On September 18, the Court held a pre-motion conference on the anticipated motions. *See* Sept. 18, 2024, Minute Order. At the conference, the Court directed the FDIC to produce a "Vaughn index declaration" within 30 days and further directed the FDIC, in preparing the index, to "go through the [pause] letters … and determine whether any part of the letter can be sent over with the rest of it redacted" "along with the declaration." Transcript of Sept. 18, 2024, Pre-Motion Conference, at 9:7-8, 10:5, 15-18 (Exhibit A). The Court stated that, if History Associates was "not satisfied" with the FDIC's production, the Court would review within 15 days a "random sample" of five letters in camera to determine whether "there are redactions that could have been made such that some of the letter should go to [History Associates]." *Id.* at 9:11-15, 10:11-13, 11:6, 11:12, 12:2-4; *see also* Sept. 18, 2024 Minute Order.

4. On October 18, the FDIC produced a Vaughn index but did not produce any of the pause letters—redacted or otherwise. The Vaughn index contains descriptions of 23 letters issued between March and October 2022. The FDIC later made minor amendments to the index (Exhibit B).

5. On October 24, History Associates informed the FDIC that it is not satisfied with the FDIC's summary of the pause letters contained in the Vaughn index (unaccompanied by any redacted letters) and maintains that, based on the FDIC's description of the pause letters in the index, at a minimum redacted versions of the pause letters should be produced. History Associates also informed the FDIC that it intended to seek in camera review of the pause letters and proposed submitting a joint status report to that effect.

6. On October 29, the FDIC informed History Associates that it opposes in camera review of the pause letters at this stage. The FDIC apparently had not reviewed the pause letters to "determine whether any part of the letter[s] can be sent over with the rest of it redacted" before it produced the Vaughn index. Exhibit A, 10:17-18. Instead, the FDIC stated that the parties should *now* attempt to negotiate issues regarding segregability and production of redacted versions—without offering any timeline for doing so.

7. On October 30, History Associates proposed that the parties submit a joint status report on October 31 updating the Court on the FDIC's production. History Associates' proposed status report would have suggested to the Court that the parties' next joint status report be due December 6, in order to afford additional time for the FDIC to identify portions of the pause letters that can be produced and for History Associates to evaluate whether the produced redacted letters (if any) were satisfactory.

8. The FDIC opposed that proposal as well. On November 1, the FDIC informed History Associates that it does not believe the Court directed it to provide redacted letters along with the Vaughn index. And although the FDIC now says that it intends to produce redacted letters, it would not commit to doing so on the timeline proposed by History Associates. Instead, the FDIC now takes the position that, because History Associates may want this Court to review the pause letters in camera to confirm the accuracy of the descriptions of the letters in the Vaughn Index, the agency would prefer to submit the pause letter samples and proposed redactions to the Court for in camera review, rather than providing redacted letters to History Associates first.

9. The parties now appear to be at an impasse. This Court instructed the FDIC by October 18 both to provide a "Vaughn index declaration" and, "along with the declaration," to "go through the letters … and determine whether any part of the letter can be sent over with the rest of

it redacted." Exhibit A, 10:5, 10:14-18.  The FDIC has completed the first task and produced a Vaughn index (Exhibit B), but not the second.  And it evidently believes that it can further delay providing History Associates with redacted letters until this Court reviews them in camera.  But in History Associates' view, the point of requiring the FDIC to produce redacted letters along with the Vaughn index was that doing so might eliminate the need for in camera review entirely—or at least limit the review to merely confirming that the FDIC has accurately described the pause letters.  Only after seeing the redacted letters can History Associates make an informed judgment whether it would be satisfied by production of redacted versions of the letters, or whether instead to request in camera review.

        10.    In light of these developments, History Associates respectfully submits that it would be appropriate for the Court to reinforce its prior instruction to the FDIC to review the letters to determine if any segregable portions may be produced and to produce any such portions promptly to History Associates.  As to the timeline, History Associates remains willing to adhere to the extended schedule it proposed to the FDIC, under which the FDIC would produce any redacted versions by November 22, and the parties would submit a further joint status report by December 6, apprising the Court whether History Associates is satisfied with the FDIC's production or requests in camera review of the unredacted letters.

Date: November 1, 2024

Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia
Jonathan C. Bond
Nick Harper
Aaron Hauptman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com
ahauptman@gibsondunn.com

*Attorneys for Plaintiff*