**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HISTORY ASSOCIATES INCORPORATED,

      Plaintiff,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

      Defendant.

Case No. 1:24-cv-1857-ACR

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order of November 4, 2024, Plaintiff History Associates Incorporated, and Defendant, the Federal Deposit Insurance Corporation ("FDIC"), hereby submit this joint status report.

1.    As set out in the November 4 Minute Order, the FDIC reviewed the 23 "pause letters" to determine what portions should be redacted, and produced the redacted letters to Plaintiff's counsel on November 22, 2024 (Exhibit A).

2.    At the pre-motion conference held on September 18, the Court stated that, if History Associates was "not satisfied" with the FDIC's production, the Court would review within 15 days five letters in camera. Dkt. 25-1, at 9:11-15, 11:6, 11:12, 12:2-4; *see also* September 18, 2024, Minute Order.

3.    History Associates is not fully satisfied with the FDIC's production, for two reasons.

a.    First, all of the pause letters appear to redact information about the type of digital-asset products or services at issue in the letters. For example, letter 8 states: "[Redacted] participated in the meeting discuss the [redacted] … functionality of the product [redacted] … versions

1

of the product, [redacted] and subsequently, FDIC has received revised information outlining three models [redacted]." Ex. A at 20. And letter 15 states that the recipient bank "notified the FDIC and [redacted] … that the Bank will provide its customers [redacted]." Although History Associates acknowledges that certain information in the letters—such as the identity of the recipient banks (or recipient bank employees)—may properly be subject to Exemption 8, information merely identifying the type of digital-asset product or service at issue is not invariably exempt. Exemption 8 does not apply to that information because it does not "relate[]" to any FDIC "examination, operating, or condition" report. 5 U.S.C. § 552(b)(8). Moreover, Exemption 8 "address[es] the concern that release of bank examination and operating reports could endanger the fiscal well-being of subject banks." *Pub. Invs. Arb. Bar Ass'n v. SEC*, 771 F.3d 1, 5 (D.C. Cir. 2014). Disclosing the type of products or services the FDIC asked banks to pause developing would not invariably harm that interest. For example, disclosing that a pause letter involved discussions about a custody service, an interest-bearing product, a staking-related service, a stablecoin product, or any other generic crypto product or service would reveal nothing about the identity of the bank seeking to offer that product or service and therefore must be disclosed under the FOIA Improvement Act of 2016. *See* 5 U.S.C. § 552(a)(8)(A)(i).

b.      Second, four of the letters (8, 16, 18, and 22) contain much heavier redactions than the remaining letters, which makes it difficult for History Associates to evaluate whether the FDIC has disclosed all non-exempt portions of those letters. This Court proposed in camera review in this case as a means of "double check[ing]" the FDIC's work, which is especially warranted as to these four letters. Dkt. 25-1, at 10:9.

4.      The FDIC is of the view that History Associates' stated reasons for not being fully satisfied with the FDIC's production are mistaken.

a.        History Associates acknowledges that at least some information in the letters falls within Exemption 8, but suggests that some of the redacted information is not contained in or related to an examination, operating, or condition report, or its disclosure would not harm an interest protected by Exemption 8.  The FDIC's view, as set out in the FDIC's *Vaughn* Index (Dkt. 25-2), is that each of the letters clearly satisfies the criteria to be an examination report under the caselaw.  In any event, the products or services offered by a bank are a core subject of bank examinations, and supervisory letters discussing those products and services are, at minimum, related to bank examinations.

There are various types of crypto asset products, services, and programs with different names, developed or promoted by different companies, with different features and different processes, and requiring arrangements with different entities outside the bank.  A knowledgeable person or entity given the information that Plaintiff suggests could with little effort identify the particular bank.

The interest harmed by dissecting an examination report or supervisory communications down to the level of individual words or phrases to seek and produce "generic" information is the fundamental need for continuous, candid communication between bank and supervisor.  Both bank and agency would be hesitant to communicate freely with each other if every report or letter could be probed for seemingly "harmless" words or statements to be made public.  It would eviscerate the    broad    language    and    broad    judicial    interpretation    of    Exemption    8.

b.        Plaintiff's reason for not being satisfied with the FDIC's redactions to letters 8, 16, 18, and 22 seems to be that it cannot evaluate the redactions without seeing what is under the redactions – an argument that would vitiate every redaction based on FOIA exemptions and every privilege redaction in every lawsuit.  And the argument disregards the availability of the FDIC's

3

*Vaughn* index, a well-established tool in FOIA litigation.  As the FDIC has repeatedly stated, contrary to Plaintiff's assertions, the "pause letters" are not "form letters."  They are based upon the particular circumstances of the bank.  Some of the letters are relatively short, and some of the letters are longer, depending upon the bank's size, location, assets, liabilities, and many other factors – in particular, the type of product or service that the bank seeks to provide.  Longer letters can be expected to have more redactions.

5.      History Associates proposes that the Court conduct in camera review of the unredacted versions of letters 8, 16, 18, and 22.  The FDIC has no objection to this proposal.  By reviewing those four letters, the Court can provide its assessment of whether the FDIC's redactions of categories of information in those letters comport with Exemption 8.  Based on the Court's assessment, the parties can discuss whether an agreement can be reached on redaction of the letters to resolve the litigation, or whether one or both parties wish to pursue summary judgment, with full briefing of the issues.

6.      The parties hereby request that the Court conduct in camera review of Letters 8, 16, 18, and 22 and schedule a hearing to discuss the Court's review once completed.

4

Date: December 6, 2024                          Respectfully submitted,

*/s/ Jonathan C. Bond*                          */s/ Daniel H. Kurtenbach*
Eugene Scalia                                   Andrew J. Dober
Jonathan C. Bond                                Daniel H. Kurtenbach
Nick Harper                                     Lina Soni
Aaron Hauptman                                  Federal Deposit Insurance Corporation
GIBSON, DUNN & CRUTCHER LLP                     3501 N. Fairfax Drive
1050 Connecticut Avenue, N.W.                   Arlington, VA 22226
Washington, D.C. 20036                          Telephone: 571.286.0401
Telephone: 202.955.8500                         dkurtenbach@fdic.gov
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com                            *Attorneys for Defendant*
nharper@gibsondunn.com
ahauptman@gibsondunn.com


*Attorneys for Plaintiff*