UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HISTORY ASSOCIATES INCORPORATED,

        Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

        Defendant.

Case No. 1:24-cv-1857-ACR

**FDIC NOTICE REGARDING DOCUMENT PRODUCTION**

The Federal Deposit Insurance Corporation (FDIC) hereby notifies the Court that on February 5, 2025, Defendant published to the FDIC's Freedom of Information Act (FOIA) reading room 175 documents (790 pages) related to supervision of crypto-related activities, thereby making them publicly available.  See [Correspondence Related to Crypto-Related Activities](#).  The documents released on February 5, include: (1) additional correspondence with the 24 banks that received "pause letters" as detailed in the FDIC's Office of Inspector General's (OIG) October 2023 report entitled "FDIC Strategies Related to Crypto-Asset Risks" (FDIC OIG EVAL-24-01 Oct. 2023), and (2) correspondence and other records with additional institutions beyond those 24 banks involving crypto-related activity.  That same day, the FDIC notified Plaintiff about the publication and provided the above link to access the documents.  The FDIC also proffered to provide copies of the production sent directly to Plaintiff.

FDIC conducted a comprehensive review of all supervisory communications with banks that sought to offer crypto-related products or services.  See [FDIC Releases Documents Related to Supervision of Crypto-Related Activities | FDIC.gov](#) (Press Release).  The search was conducted in the FDIC's Regional Automated Document Distribution (RADD) application.

1

RADD is a document imaging, routing, and storage system that captures, indexes, distributes, and stores electronic documents related to official bank correspondence and other supervisory business records. The application is the official recordkeeping and electronic filing system for supervisory business records, which includes correspondence, examinations, and supervisory documentation. The FDIC's record retention schedule for RADD requires all records to be retained for 30 years (with some exceptions not relevant here), including all RADD correspondence to and from institutions.

The Division of Risk Management Supervision (RMS) and the Division of Depositor and Consumer Protection (DCP) were tasked with searching RADD for supervisory communications with banks that were engaged in or sought to offer crypto-related products or services. DCP identified all correspondence shared with FDIC-supervised banks related to confidential Advisory Letters sent to third parties for apparent Part 328 violations, regardless of whether the third-party was offering crypto-related products or services. The identification of this correspondence was completed by leveraging internal tracking forms, performing manual and key-word searches in RADD, and performing outreach to regions responsible for supervising the FDIC-supervised partner banks.

Additionally, for each of the 24 banks that received a "pause letter," as detailed in the FDIC's OIG October 2023 report entitled "FDIC Strategies Related to Crypto-Asset Risks" (FDIC OIG EVAL-24-01 Oct. 2023), DCP and RMS manually reviewed the RADD Correspondence and Examination folders for each bank to identify all correspondence related to the bank's crypto-activities.

RMS also performed a search of all indexed documents within the RADD Correspondence folder for institutions in RADD (approximately 5,200 institutions) from January 1, 2022, through January 22, 2025, using targeted search terms. This search yielded approximately 1,500 documents. RMS and DCP reviewed the letters to bank, interim bank contacts, internal memos and notes, and transmittal letters for language similar to the 24 banks mentioned above. To ensure confidence in the results, the documents identified in the RADD search results relating to FDIC-supervised banks underwent a secondary review by separate RMS and DCP team members.

Further, the above RADD search was leveraged to identify correspondence (excluding non-relevant documents such as liquidity monitoring reports, consumer complaints, requests for comment, SAR-related documents) for the approximately 80 FDIC-supervised banks from our internal tracking system that were not the 24 banks discussed above.

The FDIC's view is that the documents released on February 5 go beyond what is required by FOIA, but reflect FDIC's commitment to enhanced transparency. *See* Press Release. The small amount of redactions applied to the documents is consistent with the limited redactions the FDIC applied to its January 3, 2025 production and generally relate to three categories of information: (1) personally identifiable information, institutions' names, or information from which the institutions' identity could reasonably be ascertained (FOIA Exemptions 6 and 8); (2) confidential commercial information (FOIA Exemption 4); and (3) information from submissions by banks (FOIA Exemption 8).

FDIC is currently reindexing 9,000 RADD documents that were found to be unsearchable. These 9,000 documents do not pertain to FDIC-supervised institutions in RMS internal tracking system of institutions that were engaged in or sought to offer crypto-related

products or services. The FDIC anticipates that these 9,000 documents will be re-indexed by the end of next week. Should this measure reveal additional potentially responsive documents, they will be promptly reviewed, redacted, and published in FOIA's reading room. FDIC will also promptly notify this Court and Plaintiff.

Accordingly, although the FDIC is continuing its due diligence efforts as discussed above, the FDIC believes it is in compliance with the Court's January 22, 2025 Minute Order requiring "Defendant to provide any other pause letters to Plaintiff on or before February 7, 2025."

Respectfully submitted,

Federal Deposit Insurance Corporation
Andrew J. Dober, D.C. Bar # 489638
Senior Counsel

*/s/ Lina Soni*
Lina Soni, Counsel D.C. Bar # 503298
Daniel H. Kurtenbach, Counsel
D.C. Bar # 426590
Federal Deposit Insurance Corporation
Corporate Litigation Unit, Legal Division
3501 Fairfax Drive
Arlington, VA 22226
lsoni@fdic.gov
(571) 528-1728

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served upon counsel of record.

>        */s/ Lina Soni*
>        *Attorney for Defendant*