March 11, 2025

Michael Williams
Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **History Associates Incorporated**; | Case No. 1:24-cv-1857-ACR |
| Plaintiff; | APPLICANT'S: |
| And | (1) NOTICE OF MOTION TO INTERVENE UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 24; |
| **Michael Williams**; | |
| Movant & Proposed Plaintiff-Intervenor; | (2) MOTION TO INTERVENE; |
| v. | (3) CERTIFICATE OF SERVICE |
| **Federal Deposit Insurance Corporation**; | |
| Defendant. | |

## **LIMITED MOTION TO INTERVENE AS PLAINTIFF**

For the reasons stated in the attached memorandum of points and authorities, **Michael Williams**, a self-represented non-party currently residing outside the United States, respectfully requests the court grant this **Limited Motion to Intervene** under **Federal Rule of Civil Procedure Rule 24** for the limited purpose of contesting the Court's jurisdiction, venue, procedural, legal, and substantive deficiencies[1] related to the ex parte orders issued against him [D.E. #29 & #30], thereby making his joinder, even as a nonparty, impossible. Whilst other circuits permit relief under a narrow doctrine permitting Rule 59(e) and 60(b) motions by a nonparty "when its interests are strongly

---

[1] Factual deficiencies Williams alleges include that Andrew Dober manufactured messages in the order, that they did not exist, or that he was otherwise negligent in determining their true origin.

affected" and the judgment resulted from fraud or deception[2], the DC Circuit has yet to do so clearly, leaving Mr. Williams only remedy to challenge the jurisdiction of the Court a limited intervention. Mr. Williams also asserts that this motion may be redundant given the fact Her Honor has already permitted him to intervene. Nevertheless, in the utmost respect for the formality of the Court, Mr. Williams submits this *Limited* Motion to Intervene consistently with the Court's ruling in *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (granting limited intervention to access documents subject to a protective order); *MGM RESORTS GLOBAL DEVELOPMENT, LLC et al v. DEPARTMENT OF THE INTERIOR et al*, No. 1:2019cv02377 - Document 38 (D.D.C. 2020) (granting limited intervention for the sole purpose of challenging jurisdiction due to sovereign immunity).

This motion is a preliminary step intended solely to address these defects and does not constitute a waiver of any rights, defenses, or objections available to Mr. Williams under applicable law. Moreover, this motion to intervene shall not be construed as a general appearance or otherwise as a submission to the Court's jurisdiction, all of which Mr. Williams expressly denies.

Pursuant to **LCvR 7(m)** concerning meeting and conferring, Michael Williams contacted Counsel for plaintiffs and defendants to seek their opinion on this motion to intervene. Plaintiffs "do not object to [Williams'] motion to intervene so long as [Williams'] dispute with the FDIC does not delay or impede [Plaintiff's] case." Defendants oppose Williams' intervention, especially if such intervention is on substantive grounds, such as challenging the validity of the evidence Defendants provided to the Court to receive these orders in the first place. Defendants refuse to reply or specify which aspects of Williams' motion to intervene they oppose. Williams followed up with Defendants

---

[2] *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 188 (2d Cir. 2006) (cleaned up); see also *Agudas Chasidei Chabad of U.S. v. Russian Fedn*, 19 F.4th 472, 477 (D.C. Cir. 2021)

numerous times to no avail. Exh A.

Pursuant to **LCvR 7(f)**, Mr. Williams respectfully requests that the Court schedule a hearing on his Limited Motion to Intervene. An oral argument would facilitate a more thorough examination of the jurisdictional, procedural, and evidentiary issues related to the ex parte orders (D.E. #29 and #30) and how these intersect with his proposed motion to intervene. In addition, a hearing will enable the Court to address any questions regarding the scope and potential impact of Mr. Williams's proposed intervention without delaying the overall progress of the case along with the defendant FDIC being permitted to address their opposition to such intervention.

Intervention is sought **as of right** pursuant to **Rule 24(a)** or, in the alternative, **permissive intervention** under **Rule 24(b)**. The legal and factual grounds supporting this motion, including relevant statutory and case law authority, are set forth in an attached memorandum of law. If granted permission to intervene under either provision, Mr. Williams will file proposed motions to quash and vacate an order under rules 59(e), 60(b)[3]. Lastly, a proposed order is attached hereto in

---

[3] The text of Rule 24(c) of the Federal Rules of Civil Procedure puts proposed plaintiff-intervenors in an anomalous situation. Rule 24(c) requires that a proposed defendant-intervenor attach a proposed "pleading" to be attached to a motion to intervene. However, a motion for relief or vacation of an order under Rules 59(e) or 60(b) is not among the "pleadings" set forth in Rule 7(a). As a result, even though a named party may file a motion to dismiss under rule 12(b) (and a nonprior to serving one of the pleadings set forth in Rule 7(a), it is not clear from the text of the rule whether the same opportunity is available to a plaintiff-intervenor. Plaintiff-intervenor argues that the equivalent of Rule 12(b) motion for a named party is likely to be a Rule 59(e) or 60(b) motion. Courts have held that a proposed motion to dismiss satisfies Rule 24(c). *See, e.g., Ctr. for Biological Diversity v. Jewell*, No. 15-cv-00019, 2015 WL 13037049, at *2 (D. Ariz. May 12, 2015) ("The Court finds that the stricken Motion to Dismiss would have complied with the substantive requirements of Rule 24(c); it puts the existing parties on sufficient notice of the State's claim or defense, such that the procedural requirements of Rule 24(c) would be met."); *New Century Bank v. Open Solutions, Inc.*, No. 10-6537, 2011 WL 1666926, at *3 (E.D. Pa. May 2, 2011). In addition, the D.C. Circuit has held that "procedural defects in connection with intervention motions should generally be excused by a court." *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 (D.C. Cir. 2004) (citing *McCarthy v. Kleindienst*, 741 F.2d 1406, 1416 (D.C. Cir. 1984); see also *Providence Baptist Church v. Hillandale Comm.*, Ltd., 425 F.3d 309, 314 (6th Cir. 2005) (surveying circuits' approach to Rule 24(c) and discussing D.C. Circuit's "lenient"

March 11, 2025

compliance with **LCvR 7(c)**.

Dated: March 11, 2025                                         Respectfully submitted,

                                                                  /s/ *Michael Williams*
                                                                  Michael Williams
                                                                  Pro Se

---

approach). Other members of this Court have routinely granted motions to intervene that attach motions to dismiss rather than answers. See, e.g., Order, ECF No. 33, *Clean Water Action v. Pruitt*, No. 1:17-cv-00817-DLF (D.D.C. Aug. 3, 2017); Minute Order, *Macon-Bibb Cty. Econ. Opportunity Council, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 1:15-cv-01850-RBW (D.D.C. Nov. 13, 2015); Minute Order, *Knapp Med. Ctr. v. Burwell*, No. 1:15-cv-01663 (D.D.C. Mar. 8, 2016); Order, ECF No. 29, *W. Org. of Res. Councils v. Jewell*, No. 1:14-cv-01993-RBW (D.D.C. Feb. 26, 2015). In the event that the Court decides Williams is nonetheless required to attach a proposed complaint instead of a motion to dismiss in order to comply with Rule 24(c), Williams respectfully request: a) that the Court grant Williams leave to file a proposed complaint, and b) that the Proposed Motion to motions to quash and vacate an order under rules 59(e), 60(b) and docketed as a Motion for Judgment on the Pleadings under Rule 12(c).

March 11, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, a true and correct copy of the foregoing Mr. Williams's Motion to Intervene was served, via CM/ECF, upon the following Counsel for Plaintiff History Associates Inc.:

- Eugene Scalia of GIBSON, DUNN & CRUTCHER, LLP at <escalia@gibsondunn.com>

- Denis Nicholas Harper of GIBSON, DUNN & CRUTCHER, LLP at <nharper@gibsondunn.com>

- Jonathan Charles Bond of GIBSON, DUNN & CRUTCHER, LLP at <jbond@gibsondunn.com>

I further certify that the same day, via CM/ECF, I served a copy upon Counsel for the Defendant, Federal Deposit Insurance Corporation:

- Andrew Jared Dober of Federal Deposit Insurance Corporation at <adober@fdic.gov>

- Lina Soni of Federal Deposit Insurance Corporation at <lsoni@fdic.gov>

Dated: March 11, 2025

Respectfully submitted,

/s/ *Michael Williams*
Michael Williams
PRO SE