Exhibit C                                    Michael Williams

## Litigation Hold - Michael Williams

**Michael Williams**  Thu, Jul 20, 2023 at 3:19 PM
To: legal@fdic.gov
Cc: amthompson@fdic.gov, ITCIP-INFO@fdic.gov

Hi Legal -

This litigation hold should extend to all ITCIP Working Group members (ITCIPWG) members, as defined by FDIC Circular 1600.7. Materials include contemporaneous notes made in and during their meeting, including any Microsoft Teams recordings. I believe spoilation is likely should the members not be informed of their obligations when under a legal hold.

My understanding is Microsoft Teams creates recordings which are kept for a very short period of time, therefore I ask CIOO to order the retention of these records. Much of the substantive materials required to prove my case were created over the last few days.

Furthermore, materials would include OIG whistleblower complaints made by Mr Williams which are now being used to defame and as a basis to seek removal.

Lastly, all materials generated by Jarrod Kennedy should be retained, including all emails and records generated by this individual. We have reason to believe he used his FDIC-issued equipment to leak internal information, including screenshots, and intentionally attacked Mr. Williams.

Regards,

Michael Williams

> On Thu, Jul 20, 2023 at 2:39 AM Michael Williams <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​> wrote:
> Hi Federal Deposit Insurance Corporation (FDIC),
>
> Please find the attached litigation hold for action. Please confirm receipt.
>
> Regards,
>
> Michael Williams

📎 **Preservation Request - FDIC - Signed.pdf**
250K

July 20, 2023

**Via E-Mail**

## DEMAND FOR THE PRESERVATION OF EVIDENCE

To Federal Deposit Insurance Corporation (FDIC):

Your recent conduct and communications give rise to the likelihood of litigating numerous claims due to certain actions of the Federal Deposit Insurance Corporation and other affiliated entities (Potential Defendants) that have taken and or discussed plans to take, including removal from Federal service. The exact identities of the Potential Defendants will be ascertained during discovery.

To put the claims at issue into a more specified context, I refer you to internal communications where you materially defamed Mr. Williams, discussed his removal from Federal service, failed to consider the previous authorization given to his company, and intentionally conspired on the best way to remove Mr. Williams. Through several anonymous sources, we have been provided with recordings and internal transcripts of conversations held by members of the FDIC that purport to violate the well-established due process rights of Mr. Williams.

Your conduct thus far and potential future conduct runs contrary to well-established legal principles and is unconscionable. Given your most recent conduct, it appears that a lawsuit pertaining to our rights is imminent.

Please allow this letter to serve as a demand for the preservation of any and all documents related in any way to the issues and claims between the parties, including any document, email, or other responsive material discussing Mr. Williams.

I.  **Demand for Preservation of Electronically Stored Information**

Michael Williams hereby demands that you, Federal Deposit Insurance Corporation and any other affiliated entities (collectively, the Potential Defendants) preserve all documents, tangible things, and Electronically Stored Information ("ESI") potentially relevant to this dispute. This request applies to any of the Potential Defendants' respective officers, directors, employees, servants, agents, attorneys, and accountants.

ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital Communications (e.g., e-mail, voicemail, instant messaging);
- Word Processed Documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and Tables (e.g., Excel or Lotus 123 worksheets);

Page 2
July 20, 2023

- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files)
- Presentations (e.g., PowerPoint, Corel Presentations)
- Back-Up and Archival Files (e.g., Zip. GHO)
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL server data, SAP);
- Computer and Blockchain Code (e.g. PACT);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer-Aided Design Drawing Files;
- Discord Conversations, Messsages, and History; and,
- Twitter Live Spaces, including the recording so such spaces.

ESI resides not only in areas of electronic, magnetic, and optical storage media reasonably accessible to the Potential Defendants but also in areas they may deem *not* reasonably accessible. The Potential Defendants are obliged to *preserve* potentially relevant evidence from *both* these sources of ESI, even if you do not anticipate *producing* such ESI. Accordingly, even ESI that they deem reasonably inaccessible *must be preserved in the interim* so as to not to deprive Michael Williams of its right to secure the evidence or the Court of its right to adjudicate the issues related to this evidence. The demand that you preserve both accessible and inaccessible ESI relevant to this matter is limited, reasonable, and necessary.

## II.  Preservation Requires Your Immediate Intervention

The Potential Defendants must act immediately to preserve potentially relevant ESI. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. It requires that a party prevent loss due to routine operations and employ proper techniques and protocols suited to the protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent the loss or corruption of ESI.

Nothing in this demand for the preservation of ESI should be understood to diminish your concurrent obligation to preserve documents, tangible things and other potentially relevant evidence.

## III.  Suspension of Routine Destruction

Page 3
July 20, 2023

The Potential Defendants should be directed to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things and to act diligently and in good faith to secure and audit compliance with such litigation hold. They are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding backup media;
- Reassigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging;
- Executing drive or file defragmentation or compression programs;
- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding backup media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs affecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and
- Executing drive or file defragmentation or compression programs.

### IV.   Guard Against Deletion

The Potential Defendants should anticipate that its employees, officers or others may seek to hide, destroy or alter ESI and act to prevent or guard against such actions. This concern is not one unique to you or your employees and officers. It's simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obligated to anticipate and guard against its occurrence.

### V.   Preservation in Native Form

The Potential Defendants should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation.

The Potential Defendants should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

Page 4
July 20, 2023

### VI. Metadata

The Potential Defendants should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, and dates of creation and last modification or access. Application metadata is Information automatically included or embedded in electronic files which may not be apparent to a user, including deleted content, draft language, commentary, collaboration, distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the: To, From, Subject, Received Date, cc, and BCC fields.

### VII. Servers

With respect to servers like those used to manage electronic mail (e.g., Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved.

### VIII. Home Systems, Laptops, Online Accounts and Other ESI Venues

The Potential Defendants should also determine if any home or portable systems may contain potentially relevant data. To the extent that officers, board members, employees, or other agents have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R disks, and the user's PDA, smartphone, voice mailbox or other forms of ESI storage).

Similarly, if employees, officers, board members or other agents used online or browser-based e-mail accounts or services (such as Facebook, Twitter, AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted, and Archived Message folders) should be preserved.

### IX. Ancillary Preservation

The Potential Defendants must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID, and password rosters or the like.

The Potential Defendants must also preserve any passwords, keys or other authenticators required to access encrypted files or run applications, along with the installation disks, user

Page 5
July 20, 2023

manuals, and license keys for applications required to access the ESI.

The Potential Defendants must additionally preserve any cabling, drivers, and hardware, including the standard 3.5″ floppy disk drive or standard CD or DVD optical disk drive if needed to access or interpret media on which ESI is stored. This includes but is not limited to, tape drives, bar code readers, zip drives, and other legacy or proprietary devices.

### X.   Paper Preservation of ESI is Inadequate

As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

### XI.   Agents, Attorneys and Third Parties

The Potential Defendants' preservation obligation extends beyond ESI in their respective care, possession or custody and includes ESI in the custody of others that are subject to any of the Potential Defendants' direction or control. Accordingly, the Potential Defendants must notify any current or former agent, attorney, employee, custodian, or contractor in possession of potentially relevant ESI to preserve such ESI and must take reasonable steps to secure their compliance.

### XII.   Do Not Delay Preservation

Should the Potential Defendants' failure to preserve potentially relevant evidence result in the corruption, loss, or delay in the production of evidence to which Michael Williams is entitled in discovery, such failure would constitute spoliation of evidence.

Please contact me directly should you have any questions.

Sincerely,

*Michael Williams*

Michael Williams