UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HISTORY ASSOCIATES INCORPORATED,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant.

Case No. 1:24-cv-1857-ACR

**MOTION TO LIFT STAY**

The FDIC has failed to comply with the information-sharing process imposed by this Court as an informal means for History Associates to investigate its policy-or-practice claims. The only viable path forward is for the case to resume and proceed to litigation of the merits.

On February 11, 2025, this Court held a status conference in which it stayed the FDIC's deadline to answer History Associates' amended FOIA complaint so that the parties could engage in a biweekly, informal information-sharing process. ECF 38-1 at 15, 17; Feb. 11, 2025, Minute Order. This Court did so because as it observed, at that time, History Associates appeared to "have a cooperative agency that's highly motivated to help [it] out." ECF 38-1 at 15; *see also* ECF 44 at 9-15. The Court anticipated that History Associates would "get a lot more a lot faster that way than [through] the litigation process." ECF 38-1 at 16. But the Court was clear that, if "nothing much is happening" in the information sharing process "and plaintiffs have a problem with that," the Court "will not hesitate to step back in." *Id.* at 18.

As the last two biweekly joint status reports reveal, the FDIC is unwilling to cooperate in giving History Associates the information needed to investigate its policy-or-practice claims, thereby eliminating the justification for the stay. *See* ECF 44, 48. History Associates therefore

1

requested dissolution of the stay in those status reports. In support of those requests, History Associates now moves the Court to lift the stay and order the FDIC to answer or otherwise respond to the amended complaint within 14 days, pursuant to Rule 15(a)(3). History Associates has conferred with the FDIC on this motion, and the FDIC stated that it opposes this motion and intends to file an opposition.

## ARGUMENT

In exercising its discretion whether to stay proceedings, this Court "must '"weigh competing interests and maintain an even balance" between the court's interest in judicial economy and any possible hardship to the parties.'" *AsylumWorks v. Mayorkas*, 2021 WL 2227335, at *4 (D.D.C. June 1, 2021) (quoting *Belize Soc. Dev., Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012)). "The party seeking the stay bears the burden 'of establishing its need.'" *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003).

As detailed in the two most recent joint status reports, ECF 44, 48, the "reasons" that led the Court to stay the case on February 11 "no longer exist." *Marsh*, 263 F. Supp. 2d at 52. The Court stayed the case to give the FDIC an opportunity to provide voluntarily the information necessary to resolve History Associates' policy-or-practice claims, but the FDIC has since made clear that it will not provide that information. So, the only way forward is through litigation.

I. **The FDIC has refused to engage in meaningful information sharing concerning History Associates' policy-or-practice claims**

Since February 11, consistent with the Court's instructions, History Associates has sent the FDIC two sets of information requests related to "what [the FDIC's] practices have been and were" that History Associates has challenged as unlawful in the amended complaint. ECF 38-1 at 15.

2

Specifically, the amended complaint alleges, and History Associates accordingly seeks further information concerning, the FDIC's policies or practices of: categorically asserting Exemption 8; construing FOIA requests narrowly instead of liberally; failing to conduct complete searches of all relevant databases; and failing to take adequate steps to preserve responsive documents. ECF 37 at 34-35. Yet although the FDIC has finally provided certain information regarding History Associates' original FOIA request in this case, the agency's responses have made clear that it is not willing to cooperate in the way the Court envisioned with respect to the policy-or-practice claims and that the information-sharing process is not moving the case forward.

History Associates sent its first set of information requests on February 12. The FDIC's response provided an early indication that the agency did not intend to provide History Associates the information needed to resolve its policy-or-practice claims. For example:

- The FDIC represented to the Court, without elaboration, that it had undertaken "due diligence" to identify any instances of document destruction. ECF 38-1 at 11. In response to History Associates' request to explain what steps the agency had taken, the FDIC refused. ECF 38 at 4.

- In response to History Associates' request for any written policies regarding specified aspects of the FDIC's processing of FOIA requests—which are directly relevant to the amended complaint's policy-or-practice claims—the FDIC directed History Associates to a single public document (FDIC Directive 1023.01) that outlines at a high level the FDIC's procedures for processing requests and lists the FDIC's FOIA-officer roles, but does not address the specific policies or practices that History Associates has identified. *Id.*

3

On February 24, History Associates sent its second set of information requests, which mostly followed up on the FDIC's responses to the first set. The FDIC's portion of a subsequent joint status report filed with the Court on March 7 confirms its unwillingness to cooperate:

- The FDIC described History Associates' request for "details of the due diligence the agency undertook to determine whether documents have been intentionally or unintentionally destroyed" as "unreasonable and beyond the scope of discovery," even though that is precisely the sort of basic information needed to investigate the allegations of document destruction. ECF 44 at 5.

- The FDIC objected to History Associates' request for a "list of … databases and document repositories," ECF 44 at 6, even though that information is needed to understand the adequacy of the FDIC's search practices. It is impossible to know if the agency is searching for records in the right places without knowing the universe of such places.

- The FDIC bristled at receiving *any* additional information requests going forward, characterizing them as "discovery-like requests upon the FDIC without any of the reasonableness guardrails imposed on parties in litigation by the Federal Rules of Civil Procedure." ECF 44 at 5.

Since then, the FDIC has made no meaningful progress in responding to the second set of information requests. Although the FDIC sent additional written policies, they did not reveal anything about the challenged FOIA policies or practices. ECF 48 at 4. Nor has the FDIC even provided a definitive answer about whether it is possible to permanently delete documents from its RADD database. *Id.* at 5. The agency also has made clear that it believes the informal information requests have run their course and that it intends to move to dismiss the amended complaint. *Id.* at 15.

**II.     History Associates needs discovery to resolve its policy-or-practice claims**

Generally speaking, policy-or-practice claims under FOIA require discovery to ascertain the agency's policies or practices. That is why the D.C. Circuit has permitted discovery in such cases and why courts in this District and others commonly allow it. *See Jud. Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 784 (D.C. Cir. 2018) (remanding for district court to consider "the appropriateness of discovery" in policy-or-practice case); *Swan View Coal. v. Dep't of Agric.*, 39 F. Supp. 2d 42, 45 (D.D.C. 1999) (authorizing "discovery" upon "policy claim"); *see also, e.g.*, *Gilmore v. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998) (permitting discovery in "policies and practices" suit); *Smith v. U.S. Immigr. & Customs Enf't*, 2018 WL 3069524, at *4 (D. Colo. June 21, 2018) (same).

The same has proven true here. The FDIC has been unable or unwilling to provide any written materials bearing on its challenged policies or practices, and it is refusing to provide any additional information about those policies or practices. So the only way for History Associates to investigate the agency's FOIA policies and practices is through formal discovery, including a deposition of the FDIC under Rule 30(b)(6), as this Court indicated would be appropriate if History Associates is "not satisfied that [it is] getting the full story." ECF 38-1 at 15; *see also, e.g.*, *Cole v. Fed. Emergency Mgmt. Agency*, 340 F.R.D. 485, 488 (D.D.C. 2022) (authorizing two 30(b)(6) depositions regarding agency's FOIA searches); *Judicial Watch v. U.S. Dep't of State*, 2016 WL 10770466, at *7 (D.D.C. Aug. 19, 2016) (referring to a "Rule 30(b)(6) deposition to provide testimony 'regarding the processing of FOIA requests'"). Conducting that investigation is necessary for History Associates to understand why its pause-letters request was treated in the arbitrary way that it was and to ensure that its additional requests pending before the FDIC won't be treated the same way.

The FDIC's position in the parties' most recent joint status report confirms that it has missed the point. The FDIC argued that it "has answered" History Associates' questions and that History Associates simply "wishes the answers were different." ECF 48 at 15. To the contrary, the FDIC has objected to History Associates' questions concerning the policy-or-practice claims and provided only written policies that are facially irrelevant, and it has refused to produce relevant documents or other evidence that would enable History Associates to investigate the FDIC's FOIA practices. And the FDIC's conduct in handling History Associates' FOIA request and in this litigation—from its blanket assertion of FOIA Exemption 8, to its belated discoveries of responsive documents on multiple occasions, to its blunderbuss redactions, and so on—provides ample reason to allow History Associates to test the legality of the FDIC's practices, and not just take the lack of written policies as proof of the FDIC's compliance with FOIA.

For example, when asked directly by the Court "[w]ho took the incredibly narrow illogical view of [History Associates'] FOIA request"—one of the policies or practices History Associates has alleged—the FDIC's counsel stated that he did not know who "processed the FOIA request." ECF 37-1 at 3. But that same FDIC counsel himself had signed the agency's decision denying History Associates' administrative appeal. ECF 37-3 at 7. If the adjudicating official cannot explain how the agency arrived at an implausibly crabbed interpretation of a FOIA request it has denied, and if the agency (as here) purports to have no relevant written guidance, discovery is the only way to uncover the explanation and test whether the agency's conduct in this case reflects an unlawful unwritten policy or practice. Informal information sharing cannot fill that gap here because the FDIC has shown no willingness to help History Associates get to the bottom of its core policy-or-practice claims.

Now that the premise behind the stay—the FDIC's ongoing cooperation—has proven illusory, the stay risks becoming one "'of indefinite duration in the absence of a pressing need,'" which the D.C. Circuit has held is "'unlawful.'"  *Belize*, 668 F.3d at 732 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  Thus, History Associates respectfully requests that the Court lift the stay and order the FDIC to respond to the amended complaint within 14 days, so that History Associates can then investigate its claims through appropriate discovery, including a 30(b)(6) deposition.  *See* Fed. R. Civ. P. 15(a)(3).

Date: March 31, 2025

Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia
Jonathan C. Bond
Nick Harper
Aaron Hauptman
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com
ahauptman@gibsondunn.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.


Jonathan C. Bond