UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>  Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>  Defendant. | Case No. 1:24-cv-1857-ACR |

**HISTORY ASSOCIATES' RESPONSE TO THE FDIC'S PRE-MOTION NOTICE**

The FDIC's contemplated motion to dismiss History Associates' policy-or-practice claims is doomed to failure. Especially in light of the agency's serious errors in its FOIA responses and throughout this litigation, History Associates' detailed policy-or-practice allegations are more than sufficient to survive the pleading stage. The FDIC's motion to dismiss is simply an effort to delay discovery. The Court should grant History Associates' pending motion to proceed with discovery, deny the FDIC's motion to dismiss, and defer the FDIC's contemplated motion for summary judgment on its production of the pause letters until the Court has an opportunity to review the disputed redactions, which could narrow the issues at summary judgment.

**I.    Background**

History Associates filed the pause-letter FOIA request (along with others) to uncover the FDIC's behind-closed-doors efforts to debank participants in the crypto industry. ECF 37 ¶ 55 ("Am. Compl."). The FDIC's responses to History Associates' FOIA requests and its conduct in this lawsuit have revealed fundamental shortcomings in the agency's FOIA processes. The FDIC initially refused to disclose even a single pause letter, asserting that they were all categorically exempt from disclosure under Exemption 8. *Id.* ¶ 57. Even after History Associates filed this

1

lawsuit, it took three orders from this Court for the FDIC to begin producing letters without sweeping redactions. *Id.* ¶¶ 67-71. The FDIC then revealed that its original search failed to uncover two letters and disclosed it had taken an implausibly narrow view of the FOIA request— a view the FDIC's counsel who signed the appeal-denial letter could not explain to this Court. *Id.* ¶¶ 74-80, 84. When ordered by this Court to conduct a complete search, the FDIC produced *dozens* more pause letters. *Id.* ¶¶ 87-90. History Associates therefore sought and obtained the Court's permission to amend its complaint to allege four unlawful FOIA policies or practices. Subsequently, the FDIC produced several of its FOIA policies, which confirm the existence of the challenged policies or practices and raise additional questions that History Associates has sought discovery to answer—questions that require a 30(b)(6) deposition to fully resolve. ECF 53 at 8.

## II.     The FDIC's Contemplated Motion To Dismiss Cannot Succeed

### A.   History Associates Has More Than Plausibly Alleged Policy-or-Practice Claims

A FOIA "plaintiff states a plausible policy or practice claim" by alleging facts that "could signal the agency has a policy or practice of ignoring FOIA's requirements." *Jud. Watch, Inc. v. D.H.S.*, 895 F.3d 770, 780 (D.C. Cir. 2018). The facts alleged must plausibly show a "failure to abide by the terms of the FOIA" rather than "merely isolated mistakes by agency officials." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988). Here, History Associates has more than adequately alleged unlawful FOIA policies or practices based on the FDIC's responses to its FOIA requests and the agency's conduct in this litigation.

Take, for example, the FDIC's policy or practice of categorically invoking Exemption 8. The agency has never denied that, in response to the pause-letter request, it made "blanket assertions that [the] requested records are categorically subject to Exemption 8 in their entirety." Am. Compl. ¶ 93. That is a violation of FOIA's requirements that an agency conduct segregability and foreseeable-harm analyses for each withheld record. *See* 5 U.S.C. § 552(a)(8)(A). History

Associates has also alleged that the FDIC engaged in the same unlawful conduct in response to at least one other related FOIA request. *See* Am. Compl. ¶ 95; ECF 37-6 (FDIC withholding meeting minutes based on blanket assertions of Exemptions 5 and 8).

Far from disclaiming that conduct, the FDIC appears to believe that it *is lawful*. The agency argues in its pre-motion notice, for example, that "District Court authority *supports* Exemption 8 categorical denials." Notice at 3 (emphasis added). And the FDIC's recently produced FOIA policies appear to confirm the agency maintains that view. One policy states that any responsive document implicating "FOIA Exemption (b)(8)" should be "withheld in full" and that the FDIC has "[n]o duty to segregate factual from analytical or deliberative material" when applying Exemption 8. ECF 53-1 at 29, 32. Far from being "isolated mistakes," *Payne*, 837 F.2d at 491, the FDIC's blanket assertions of Exemption 8 at least plausibly reflect FDIC policy or practice.

History Associates' allegations with respect to the remaining policies or practices—unduly narrow constructions of FOIA requests, inadequate searches, and lack of document-preservation safeguards—also easily cross the plausibility threshold. For each of these, History Associates has alleged agency conduct in response to this FOIA request and others that point to systemic FOIA breakdowns. Am. Compl. ¶¶ 96-105. For example, the FDIC's own counsel could not tell the Court "[w]ho took the incredibly narrow illogical view of [History Associates'] FOIA request" despite having himself signed the appeal-denial letter—which suggests at a minimum a lack of adequate agency oversight about how to properly construe FOIA requests. *Id.* ¶ 84. The FDIC's counsel likewise was unaware of any agency policy or practice of issuing litigation holds in response to FOIA requests or lawsuits. *See id.* ¶ 85; ECF 37-1 at 5:13-6:20. And all of this, again, is corroborated by the FDIC's recently produced FOIA policies. *See* ECF 53 at 8-9.

3

**B. The FDIC's Arguments Are Meritless**

The essence of the FDIC's argument for dismissal is that History Associates has not identified enough similarly situated FOIA requests to plausibly infer an unlawful policy or practice. Notice at 2-3. But the FDIC misstates the legal standard. The D.C. Circuit has never held that a policy-or-practice claim must be based on a specific number of FOIA requests, and it "has never articulated" a requirement that the FOIA requests underlying a policy-or-practice claim must relate to a "single subject" or "single type of request." *CREW v. DOJ*, No. 24-cv-1497, 2025 WL 879664, at *8 (D.D.C. Mar. 21, 2025) (quotation marks omitted). Even it had, History Associates' amended complaint would easily clear the plausibility bar because it alleges unlawful policies or practices based on multiple FOIA requests involving the same subject matter—the FDIC's debanking of crypto firms—on top of the FDIC's confirmatory conduct in litigation.

The FDIC's remaining arguments are equally meritless. There is no qualified-immunity-style requirement that the FDIC's policy or practice must have been foreclosed by "binding precedent" at the time it was applied. Notice at 3. A plaintiff need only show a "failure to abide by the terms of the FOIA." *Payne*, 837 F.2d at 491. Nor is there a mootness or ripeness problem here. The policy-or-practice doctrine is "an exception to mootness." *Jud. Watch*, 895 F.3d at 777. And History Associates' claims are ripe because it is in the business of submitting FOIA requests and has several pending and related requests before the FDIC. Am. Compl. ¶¶ 15, 124.

**III. The Court Should Conduct In Camera Review Before Summary Judgment**

The FDIC also intends to move for summary judgment on Count I of the amended complaint, which seeks production of the pause letters. History Associates maintains that the redactions to the pause letters are inadequate. Because in camera review (which the FDIC has not opposed, ECF 48 ¶ 30) might narrow the disputed issues, History Associates respectfully suggests that the Court may wish to defer summary judgment until after conducting that review.

4

Date: May 1, 2025

Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia
Jonathan C. Bond
Nick Harper
Aaron Hauptman
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com
ahauptman@gibsondunn.com

*Attorneys for Plaintiff*