# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HISTORY ASSOCIATES INCORPORATED,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Defendant.

Case No. 1:24-cv-1857-ACR

**REDACTED DECLARATION OF ███████████ IN ACCORDANCE WITH THE COURT'S MAY 29, 2025 MINUTE ORDER AND JUNE 5, 2025 SCHEDULING ORDER**

I, ███████████, pursuant to 28 U.S.C. § 1746, declare the following:

1. I am employed by the Federal Deposit Insurance Corporation (FDIC) ███████████ ███████████ ███████████. I assumed the role of ███████████ ██. In this position, ███████████ ███████████. I also ███████████ ███████████.

2. I have reviewed the Court's May 29, 2025 Minute Order, the May 29, 2025 Hearing Transcript (Tr.), and the Court's June 5, 2025 Scheduling Order.

3. I submit this Declaration in accordance with the Court's May 29, 2025 Minute Order and June 5, 2025 Scheduling Order. Under the May 29, 2025 Minute Order, the FDIC must: (1) search for and produce any remaining policies regarding FOIA responses; (2) produce records requested by History Associates Incorporated (History Associates) on or before June 3, 2025 "within the scope discussed on the record [at the May 29, 2025 hearing]"; and (3) produce

1

written FOIA training materials for the last three years.[1] *See* May 29, 2025 Minute Order; *see also* Tr. 58:13-25 and 59:1-7.

4. At the May 29, 2025 hearing, the Court clarified that the FDIC should only produce "actual" written training materials for the last three years that the FOIA Group used, "like a PowerPoint," and not emails or other explanations. *See* Tr. 58:24-25, 59:1-4, 59:23-25, and 60:1-4. The Court also stated that the FDIC does not "have to go to every single individual office" unless the FOIA Group reports that the written training materials "are with the subcategories," in which case the FDIC would need to "ask two or three of them . . . and submit those training materials." *See* Tr. 59:3-7.

5. The June 5, 2025 Scheduling Order required the FDIC to produce these documents to History Associates by July 7, 2025 and to "file an affidavit attesting that the agency followed the Court's three instructions in the May 29, 2025 minute order and outlining what it found."

6. The statements contained in this Declaration are based on my personal knowledge and upon information provided to me in my official capacity.

7. ███████████████████████████, I am familiar with the procedures followed by the FDIC when responding to requests for agency records under the FOIA.

8. I am specifically knowledgeable of History Associates' FOIA requests that are at issue in this litigation and the corresponding searches conducted by the FDIC.

---

[1] The FDIC searched for written trainings prepared by the FOIA Group for a three-year period: May 29, 2022 to May 29, 2025 (the date of the hearing).

**The FDIC's Diligent Efforts to Produce Written FOIA Policies**

9.  As demonstrated below, the FDIC has gone to great lengths to locate and produce its written FOIA policies.

**FOIA Group**

10. The FDIC began by checking with the FOIA Group for written FOIA policies. This search resulted in two productions.

11. First, on February 19, 2025, the FDIC provided a link to FDIC Directive 1023.01, "Freedom of Information Act Requests."

12. Second, on March 6, 2025, the FDIC produced two additional directives, the FOIA Records Retention Schedule, a "Record Custodian Search Guidance" document, and a link to a publicly available Department of Justice guide frequently used by the FDIC—and across the federal government—when processing FOIA requests.

**Divisions and Offices**

13. To ensure a complete response, the FDIC expanded its search to the FDIC divisions and offices that help process FOIA requests. The FDIC focused on divisions and offices with designated FOIA coordinators, who are responsible for identifying the appropriate subject matter expert(s) in their divisions and offices to conduct custodial searches, coordinating with the subject matter expert(s) to review records, and making recommended redactions as permitted by the FOIA.

14. On March 17, 2025, the FDIC requested that these divisions and offices identify "all written FOIA policies and procedures that are specific to your divisions and offices" (if any), including the following divisions and offices: Chief Information Officer Organization (CIOO), which includes the Division of Information Technology (DIT) and Office of the Chief

Information Security Officer (OCISO); Division of Complex Institution Supervision and Resolution (CISR); Corporate University (CU); Division of Depositor and Consumer Protection (DCP); Division of Insurance and Research (DIR); Division of Administration (DOA), which includes the Acquisition Services Branch (ASB); Division of Finance (DOF); Division of Resolutions and Receiverships (DRR); Executive Offices; Office of the Ombudsman; Office of the Internal Ombudsman; Legal Division; Office of Communications (OCOM); Office of Legislative Affairs (OLA); Office of Minority and Women Inclusion (OMWI); and Division of Risk Management Supervision (RMS).

15. Based on these search results, on April 1, 2025, the FDIC made a third production of written FOIA policies, including approximately 27 additional records totaling nearly 200 pages. Due to the volume, the FDIC also produced a courtesy table of contents, which describes the policies and identifies the corresponding divisions and offices.

**May 29, 2025 Minute Order and June 5, 2025 Scheduling Order**

16. On June 3, 2025, the FDIC inquired a second time with most of the divisions and offices referenced in paragraph 14.

17. The FDIC also reached out to the Office of Risk Management & Internal Controls (ORMIC)[2] and the newly created Office of Professional Conduct (OPC)—both of which recently designated FOIA coordinators for their respective offices—to request any written FOIA policies.

18. The FDIC checked with the Corporate Litigation Unit, which is in the Legal Division and processes the FDIC's FOIA appeals, to request any written FOIA policies besides what the Legal Division had already provided.

---

[2] The FDIC previously reached out to ORMIC on March 17, 2025 but did not inquire further because ORMIC had only recently selected a FOIA coordinator.

19. The FDIC also expanded its search to divisions and offices without FOIA coordinators, including the Office of Equal Employment Opportunity (OEEO), Office of Minority and Community Development Banking (OMCDB), and FDITECH, to request any written FOIA policies.

20. Finally, to ensure that its search was complete, the FDIC reached out to the Chief Operating Officer Organization (COOO), which includes DOA, ASB, the Human Resources Organization (HRO),[3] and Corporate University (CU), and the Chief Financial Officer Organization (CFOO), which includes DOF and ORMIC, to ensure that no FOIA policies were missed.

21. After conducting these exhaustive searches, the FDIC identified a revised version of the "ASB Freedom of Information Act (FOIA) Standard Operating Procedure (SOP) V2.0," which was produced on April 1, 2025. *See* Document 8 of the April 1, 2025 production. This SOP was revised on June 3, 2025 to account for organization name changes and is now entitled "ASB Freedom of Information Act (FOIA) Standard Operating Procedure (SOP) V3.0," which appears on pages HAI_FOIA0000501 to HAI_FOIA0000505 of what will be produced on July 7, 2025. ASB did not make any substantive changes to this SOP.

22. No further written FOIA policies were identified besides the "ASB Freedom of Information Act (FOIA) Standard Operating Procedure (SOP) V3.0" and the written FOIA policies that were produced on February 19, 2025, March 6, 2025, and April 1, 2025, respectively.

---

[3] The FDIC previously reached out to HRO on March 17, 2025. On the same date, DOA—which, again, includes HRO—confirmed that it was unaware of any policies besides the "ASB Freedom of Information Act (FOIA) Standard Operating Procedure (SOP) V2.0."

**The FDIC's Response to History Associates' June 2, 2025 Document Requests**

23. On June 2, 2025, History Associates submitted five document requests to the FDIC.

24. First, History Associates requested:

> (a) The "Foreseeable Harm Confirmation Process" and "Foreseeable Harm Standards" PDFs referenced at pages 20 and 21 of the RMS General Operating Procedures for FOIA (Doc. #1 in the table of contents for the April 1 production).

The "Foreseeable Harm Confirmation Process" and "Foreseeable Harm Standards" were embedded on pages 20 and 21 of the "RMS General Operating Procedures for Freedom of Information Act (FOIA)" and included in the April 1, 2025 production as Documents 1a and 1c, respectively. *See also* Document 1 of the April 1, 2025 production. Accordingly, both records were already produced—but with redactions under the attorney-client privilege.

25. Second, History Associates requested:

> (b) An unredacted version of the "Foreseeable Harm Standards" referenced at pages 59 to 61 of the April 1 production (Doc. #1c in the table of contents), if this document is different than the "Foreseeable Harm Standards" PDF mentioned above.

The "Foreseeable Harm Standards" referenced at pages 59 to 61 of the April 1, 2025 production are the same "Foreseeable Harm Standards" referenced in Paragraph 24. As noted above, the "Foreseeable Harm Standards" were redacted under the attorney-client privilege. A redacted version of the "Foreseeable Harm Standards" also appears on pages HAI_FOIA0000481 to HAI_FOIA0000483 of what will be produced on July 7, 2025.

26. Third, History Associates requested:

> (c) A complete "Glossary of Terms" referenced at page 48 of the RMS General Operating Procedures for FOIA (Doc. #1 in the table of contents of the April 1 production). In the version of the policy produced to us, only some of the terms are defined. Please produce a version of the policy defining the terms

> "Reasonably Interpret" and "Responsive Records"—or let us know if no such definitions exist.

The FDIC recognizes that not all of the terms in the "Glossary of Terms" are defined in the "RMS General Operating Procedures for Freedom of Information Act (FOIA)"; however, there is no final version of the policy that defines the requested terms.

27. Fourth, History Associates requested:

> (d) The "Redaction Cheat Sheet for FOIA Coordinators" referenced at pages 3 and 5-6 of the ASB Freedom of Information Act (FOIA Standard Operating Procedure (SOP) V2.0 (Doc. # 8 in the table of contents of the April 1 production).

The "Redaction Cheat Sheet for FOIA Coordinators" referenced on pages 3 and 6 of "ASB Freedom of Information Act (FOIA) Standard Operating Procedure (SOP) V2.0" provides instructions for "SecureRelease," which is third-party proprietary software used by the FDIC to process FOIA requests. Accordingly, the FDIC did not include this record in the April 1, 2025 production. A redacted version of the "Redaction Cheat Sheet for FOIA Coordinators" appears on pages HAI_FOIA0000509 to HAI_FOIA0000513 of what will be produced on July 7, 2025.

28. Fifth, History Associates requested:

> (e) The "FOIA Checklist" referenced in the Appendix to the CISR FOIA Manual (Doc. # 17 in the table of contents of the April 1 production).

The FDIC acknowledges that the appendix to the CISR FOIA Manual mentions a "FOIA Checklist"; however, no final checklist exists. The CISR FOIA Manual that was produced is an unfinished draft. Although the FDIC generally did not produce drafts in response to History Associates' requests, it exercised its discretion to make this release in the spirit of transparency.

**The FDIC's Diligent Efforts to Produce the FOIA Group's Written FOIA Training Materials for the Last Three Years**

29. The FDIC searched for and produced all known written FOIA training materials prepared by the FOIA Group for the last three years—that is, May 29, 2022 to May 29, 2025.

30. The FOIA Group was asked to produce any FOIA trainings conducted in the last three years. The FOIA Group broadly construed this request to include not only PowerPoint presentations but also any additional written handouts provided by the FOIA Group to accompany the trainings.

31. During the last three years—again, May 29, 2022 to May 29, 2025—members of the FOIA Group conducted approximately 20 trainings. The FDIC produced the FOIA Groups' written materials for these trainings, which consist of approximately 49 records totaling 513 pages.[4]

32. Some of the written training materials include redactions under the attorney-client privilege. The FDIC also redacted proprietary SecureRelease information, the names and email addresses of FDIC Office of Inspector General employees, and the FDIC cell phone numbers for two employees.

33. In the September 26, 2024 training provided to the Legal Division's Litigation Branch, which appears on pages HAI_FOIA0000309 to HAI_FOIA0000356 of what will be

---

[4] On July 24, 2024, the FOIA Group provided a training for records management staff. When updating the PowerPoint presentation for the same training that occurred on October 17, 2024, the final version of the July 24, 2024 version of the PowerPoint presentation was overwritten. Accordingly, there is no final version of the July 24, 2024 presentation to produce. The FDIC is producing the October 17, 2024 version. According to one of the presenters, the only substantive change to the October 17, 2024 version was the addition of one slide (slide 6). The October 17, 2024 PowerPoint presentation appears on pages HAI_FOIA0000421 to HAI_FOIA0000434 of what will be produced on July 7, 2025.

produced on July 7, 2025, the FDIC redacted material that is not responsive to what is required to be produced by the May 29, 2025 Minute Order and June 5, 2025 Scheduling Order.

**Conclusion**

34.   As demonstrated above, the FDIC undertook significant efforts to comply with the Court's May 29, 2025 Minute Order and June 5, 2025 Scheduling Order.

35.   I hereby attest that, to the best of my knowledge, the FDIC followed the Court's three instructions in the May 29, 2025 Minute Order and that the information above is a true and accurate representation of the steps undertaken and records found.

I declare under the penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed on this 7th day of July 2025, in ▮▮▮▮▮▮▮▮ .

